[No. 4650.]

### IN RE WARING.

JUDGMENT FOR COSTS.—A County Court has no jurisdiction, in a criminal case, to render a judgment for the costs against a prosecuting witness.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

Joseph A. Locke was indicted by the Grand Jury of San Diego County for embezzling a horse, the property of George H. Waring, and for embezzling a saddle and bridle, the property of R. D. Perry. The County Court made the following order:

"On motion of A. B. Hotchkiss, Esquire, District Attorney, it is ordered that the two (2) cases of the *People* v. *Locke*, be dismissed, and that judgment for costs, herein taxed at forty dollars, be entered against the prosecuting witnesses for the following reasons: That the complaining witnesses in both cases have acted in bad faith with the court, and that the defendant had fully satisfied the prosecution in each case for the value of the property alleged to have been embezzled, and the prosecuting witnesses had received the same without consulting with the court or district attorney, and had attempted to inflict the costs of the prosecution upon the county.

"It is further ordered that the defendant, J. A. Locke, be discharged, and that his bondsmen be released from their obligations as such."

Waring obtained a writ of review from the District Court to have the order set aside, as being beyond the jurisdiction of the court. The District Court gave judgment against him, and he appealed.

*L. B. Wilson,* for the Appellant.

*A. B. Hotchkiss,* for the Respondent.

By the COURT:

We have not found, nor has our attention been called by counsel to any provision of the Penal Code, or of any statutes, which authorizes the judgment of the County Court.

The judgment appealed from is reversed, and the District Court is directed to render a judgment annulling and vacating so much of the judgment of the County Court, as is in the following words: "And that judgment for costs, herein taxed at forty dollars, be entered against the prosecuting witnesses for the following reasons: That the complaining witnesses in both cases have acted in bad faith with the court, and that the defendant had fully satisfied the prosecution in each case for the value of the property alleged to have been embezzled, and the prosecuting witnesses had received the same without consulting with the court or district attorney, and had attempted to inflict the costs of the prosecution upon the county."